OPINION AND JOURNAL ENTRY
{¶ 1} Petition for Writ of Mandamus was filed herein on January 29, 2002, seeking an order to compel Respondent to enter a ruling on a postconviction petition Relator had filed with Respondent.
 {¶ 2} On April 9, 2002, the Respondent filed a Brief in Opposition and seeks dismissal of the petition on the grounds of mootness.
 {¶ 3} As a general principle of law, in order to be entitled to a writ of mandamus, the court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act and that the relator has no plain and adequate remedy at law. State ex rel. Hodges v. Taft (1992),64 Ohio St.3d 1.
 {¶ 4} The docket record from Relator's criminal case reflects that his postconviction petition was filed in Common Pleas Case No. 98-CR-1037D on August 22, 2000. On May 4, 2001, the assigned judge who presided in the trial issued an Opinion and Order Denying Defendant's Petition for Post-Conviction Relief. That Opinion and Order was filed in Common Pleas Case No. 98-CR-1037 and mailed to counsel of record for that case. Relator was not mailed a copy of the order after it was entered. Having failed to receive notice of the disposition, Relator filed this petition. Thereafter, on February 12, 2002, the trial court noted that an incorrect case number was listed on the Opinion and Order and directed the Clerk to enter it under the proper case number (98-CR-1037D) and mail it to counsel of record. The Clerk complied the same day and noted the fact of mailing to counsel on the appearance docket. No appeal was filed after proper notice was given to counsel for Relator.
 {¶ 5} Inasmuch as the trial court has entered a dispositional order on the postconviction petition, this mandamus action is dismissed on the grounds of mootness. See State ex rel. Breaux v. Court of CommonPleas (1997), 50 Ohio St.2d 164. Costs of this proceeding taxed against Relator.
 {¶ 6} Final order. Clerk to serve a copy of this Opinion and Journal Entry on counsel of record or unrepresented party.
Vukovich, J., concurs.
Waite, J., concurs.
DeGenaro, J., concurs.